## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TIMOTHY MIDDS,

               Petitioner,             Case Number: 2:13-CV-13688
                                         HON. DENISE PAGE HOOD

v.

RAYMOND BOOKER,

               Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Timothy Midds seeks habeas corpus relief under 28 U.S.C. §
2254. Petitioner is a state prisoner in the custody of the Michigan Department of
Corrections pursuant to a conviction for possession of a firearm during the
commission of a felony, third offense. He argues for habeas relief on these
grounds: the prosecution presented insufficient evidence to support the conviction,
the trial court improperly refused to grant request for a supplemental jury
instruction, trial and appellate counsel were ineffective, the closing of the
courtroom violated the right to a public trial, actual innocence, the trial court's
failure to order gun tested for fingerprints denied Petitioner due process and the
right to present a defense, and the trial court improperly sentenced Petitioner for
third-offense felony firearm. Respondent argues that the petition should be denied

because the claims are procedurally defaulted and/or without merit.  The Court denies the petition.

## I.      Procedural History

Petitioner was charged in Wayne County Circuit Court with possession of a firearm during the commission of a felony, felon in possession of a firearm, and carrying a concealed weapon.  A Wayne County Circuit Court jury convicted him of possession of a firearm during the commission of a felony, and acquitted him of the other charges.  The trial court summarized the evidence leading to the charges as follows:

> In the early morning hours of November 23, 2008, defendant was pulled over while speeding in a SUV, failing to signal a turn, and driving a car with tinted front driver-and passenger-side windows. Although the car windows were tinted, with the police car's spotlight and the individual officers' flashlights, two of the officers testified they were able to see the driver hand an object to the front seat passenger and toss an unknown object into the rear of the vehicle.  A gun holster was later observed in the backseat of the vehicle.  A loaded handgun was found in the passenger's left waistband when she [was] searched after exiting the vehicle.  A third police officer, who approached the SUV first from the passenger's side, did not see any hand movements by defendant.  Due to a police department mix-up in requests, the fingerprint analysis of the gun had not been completed prior to trial.

*People v. Midds*, No. 292895, 2010 WL 4483693, *1 (Mich. Ct. App. Nov. 9, 2011).

On May 20, 2009, Petitioner was sentenced to a mandatory term of ten years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising these claims: (i) insufficient evidence to support the felony firearm charge, and conviction was also against the great weight of the evidence; and (ii) due process violated when trial court denied request for supplemental jury instruction. The Michigan Court of Appeals affirmed Petitioner's conviction. *Id.*

Petitioner sought leave to appeal in the Michigan Supreme Court, raising the same claims raised in the court of appeals. The Michigan Supreme Court denied leave to appeal. *People v. Midd*, 489 Mich. 932 (Mich. May 24, 2011).

Petitioner then filed a motion for relief from judgment in the trial court. He raised these claims: (i) ineffective assistance of appellate counsel; (ii) closure of courtroom during *voir dire* violated right to public trial; (iii) ineffective assistance of trial counsel; (iv) actual innocence; (v) denied due process of law and meaningful defense when trial court denied request to test gun for fingerprints; and (vi) improperly sentenced as a third-offense felony firearm offender. The trial court denied the motion for relief from judgment. 11/29/11 Opinion and Order Denying Defendant's Motion for Relief from Judgment, *People v. Midds*, No. 09-001455. Petitioner sought leave to appeal in the Michigan Court of Appeals and

3

the Michigan Supreme Court. Both state appellate courts denied leave to appeal.

*People v. Midds*, No. 307800 (Mich. Ct. App. June 8, 2012); *People v. Midds*, 493

Mich. 891 (Mich. Nov. 20, 2012).

Petitioner then filed the pending habeas petition. He raises these claims:

I.      There was insufficient evidence to support the felony firearm charge,
        which was also against the great weight of the evidence.

II.     Midds was denied due process when the trial court refused to grant
        his request for a supplemental jury instruction to clarify the mens rea
        element of the felon in possession charge.

III.    Midds was denied the effective assistance of appellate counsel for
        appellate counsel's failure to raise on direct appeal the claims Midds
        raised in his motion for relief from judgment.

IV.     Midds was denied his right to a public trial when the judge closed the
        courtroom during jury voir dire.

V.      Midds was denied the effective assistance of trial counsel by his
        counsel's failure to object to the closure of the courtroom during jury
        *voir dire*.

VI.     A fundamental miscarriage of justice has occurred because Midds is
        actually innocent, with no evidence or testimony that Midds
        knowingly transported a handgun.

VII.    Midds was denied due process of law and a meaningful defense when
        the court refused his request to have the gun tested for fingerprints.

VIII.   Midds was improperly sentenced as a third-offense felony firearm
        offender for felony firearm when he should have been sentenced as a
        second-offense felony firearm offender as his first two counts of
        felony firearm were from a single plea proceeding.

4

## II.     Standard

This habeas petition is reviewed under the exacting standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  Under AEDPA, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state-court proceeding unless the state adjudication of the claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."

5

*Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

To obtain relief under § 2254(d)(2), a petitioner must show an unreasonable determination of fact *and* that the resulting state court decision was "based on" that unreasonable determination. *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2012).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

6

## III. Discussion

### A. Procedural Default

Respondent argues that several of Petitioner's claims are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of Petitioner's claims.

### B. Sufficiency of the Evidence

In his first habeas claim, Petitioner argues that insufficient evidence was presented to support the felony-firearm charge, and that the verdict was against the great weight of the evidence.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on

7

whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16)).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, (citing *Jackson,* 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* The *Jackson* standard is "exceedingly general" and therefore Michigan courts are afforded "considerable leeway" in its application. *Davis v. Lafler*, 658 F.3d 525, 535 (6th Cir. 2011).

8

"A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003), (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, 558 U.S. 120, 133 (2010), (quoting *Jackson*, 443 U.S. at 326).

Under Michigan law, the elements of felony firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony. *See* Mich. Comp. Laws § 750.227b; *People v. Akins*, 259 Mich. App. 545, 554, 675 N.W.2d 863 (2003). Circumstantial evidence and reasonable inferences from such evidence can constitute satisfactory proof of the elements of the crime. *See People v. Carines*, 460 Mich. 750, 757, 597 N.W.2d 130 (1999). The underlying felony in this case is felon in possession of a firearm. The elements of felon in possession of a firearm are: (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of

9

probation and parole, and paid all fines. *See* Mich. Comp. Laws § 750.224f.

The Michigan Court of Appeals held that sufficient evidence was presented

to sustain Petitioner's conviction:

> A jury may reach inconsistent verdicts in a criminal case. *People v.
> Vaughn*, 409 Mich. 463, 465-466, 295 N.W.2d 354 (1980). "The
> ability to convict or acquit another individual of a crime is a grave
> responsibility and an awesome power. An element of this power is the
> jury's capacity for leniency. Since we are unable to know just how
> the jury reached its conclusion, whether the result of compassion or
> compromise, it is unrealistic to believe that a jury would intend that
> an acquittal on one count and conviction on another would serve as
> the reason for defendant's release." *Id.* at 466, 295 N.W.2d 354.

> There is sufficient evidence to support defendant's conviction for
> felony-firearm. *Lundy*, 467 Mich. at 257, 650 N.W.2d 332; *Wolfe*,
> 440 Mich. at 515, 489 N.W.2d 748. A police officer testified that, as
> he approached the car on the driver's side, he saw defendant pass an
> object to the front seat passenger. He also saw defendant toss an
> unidentified object into the back seat of the car. A second officer
> testified that, as he approached the vehicle from the passenger area,
> he saw the driver with his arm extended towards the passenger. The
> passenger then leaned towards the driver's side door. The officer also
> saw the driver's right arm extend to the back and an object come
> towards the back of the vehicle. The officer used his flashlight to
> check the seat behind defendant and saw a gun holster. Both officers
> stated the patrol car's spotlight and their own respective flashlights
> illuminated the vehicle. This allowed them to see silhouettes of body
> movements through the vehicle's tinted windows.

> While the gun was physically found tucked into the passenger's
> waistband, the officer's testimony was sufficient to conclude that
> defendant had knowledge of the location of the gun and that he had
> constructive possession of it. *Hill*, 433 Mich. at 470-471, 446
> N.W.2d 140. The passenger was seen leaning towards the passenger

side door after defendant handed her something.  It is reasonable to conclude this occurred when she placed the gun in her waistband. Defendant correctly points out that a third officer did not see the hand movement or the passing of an object between defendant and the passenger and that he was the first officer to the car.  However, the jury is the finder of the facts and decides all issues of credibility. *People v. Lacalamita*, 286 Mich.App. 467, 469-470, 780 N.W.2d 311 (2010).  The jury may have reasonably believed the third officer was unable to see the movements from the angle at which he approached. Accordingly, there is sufficient evidence to support defendant's felony-firearm conviction.

*Midds*, 2010 WL 4483693 at *2.

The state court's decision is neither contrary to nor an unreasonable application of *Jackson*.  Possession of a firearm under Michigan law can be actual or constructive and can be proven by circumstantial evidence.  *See People v. Hill*, 433 Mich. 464, 469, 446 N.W.2d 140 (1989).  A defendant may have constructive possession of a firearm if its location is known to the defendant and if it is reasonably accessible to him.  *Id.* at 470-71, 446 N.W.2d 140.  There was sufficient evidence for a rational trier of fact to conclude that Petitioner possessed the firearm recovered from the passenger's waistband.  As the Michigan Court of Appeals noted, two police officers testified that they saw Petitioner reach toward the passenger as they approached the car.  One officer also testified that he saw Petitioner reach toward the back of the vehicle where a gun holster was discovered.  From this evidence, the trier of fact could reasonably infer that

11

Petitioner handed the weapon to his passenger, and, therefore, he knew its location and it was reasonably accessible to him.

Petitioner argues that the conviction is invalid because the jury's verdict of guilt on the felony firearm charge is inconsistent with his acquittal on the felon-in-possession charge. But, the Supreme Court has stated that "inconsistent verdicts are constitutionally tolerable." *Dowling v. United States*, 493 U.S. 342, 353-54 (1990). "Inconsistency in a verdict is not a sufficient reason for setting it aside." *Harris v. Rivera*, 454 U.S. 339, 345 (1981). In *United States v. Powell*, 469 U.S. 57 (1984), a defendant was convicted of using the telephone to facilitate a conspiracy to possess cocaine with intent to distribute, but acquitted of conspiracy to possess cocaine with intent to distribute. The Supreme Court held that it need not vacate the defendant's conviction as a result of the inconsistent verdicts, finding that "where truly inconsistent verdicts have been reached, '[t]he most that can be said ... is that the verdict show that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convicted of the defendant's guilt." *Id.* at 64-65, quoting *Dunn v. United States*, 284 U.S. 390, 393 (1932). The Court rejected the argument that courts should assume that the acquittal on a predicate offense is "the one the jury 'really meant.'" *Id.* at 68. "It is equally possible that the jury, convinced of guilt,

12

properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense." *Id.* at 65. A criminal defendant "is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence." *Id.* at 67.

Viewing the evidence in the light most favorable to the jury's verdict, there was sufficient evidence for a rational trier of fact to reasonably conclude that Petitioner was guilty beyond a reasonable doubt. There was nothing unreasonable about the Michigan Court of Appeals' application of federal law to the facts of this case, and therefore habeas corpus relief is not warranted.

Petitioner's argument that the verdict was against the great weight of the evidence also fails to state a claim. In Michigan, a state trial court may order a new trial "where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *People v. Lemmon*, 456 Mich. 625, 642, 576 N.W.2d 129, 137 (1998) (internal quotation omitted). The grant of a new trial under these circumstances is distinct from the due process issues raised by insufficient evidence, and "does not implicate issues of a constitutional magnitude." *Id.* at 634 n. 8, 576 N.W.2d at 133. Thus, a claim that a verdict is against the great weight of the evidence alleges an error of state law,

13

which is not cognizable on habeas review. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus relief does not lie for errors of state law").

### C.     Jury Instruction Claim

Second, Petitioner argues that the trial court erred in denying his request for a supplemental jury instruction on the elements of the crime of being a felon in possession of a firearm charge. He claims that the trial court should have clarified for the jury that the Petitioner had to knowingly possess the firearm.

"Generally speaking, a state court's interpretation of the propriety of a jury instruction under state law does not entitle a habeas claimant to relief." *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012), citing 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas relief lies for a jury instruction claim only when the "instruction is so flawed as a matter of state law as to 'infect[] the entire trial' in such a way that the conviction violates due process." *Id.*, quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).

The Michigan Court of Appeals held that, under Michigan law, the jury was correctly instructed on the charged offenses. It is outside the province of a federal court, on habeas review, to second-guess a state court's interpretation of state law. *Davis v. Morgan*, 89 F. App'x 932, 936 (6th Cir. 2003). Where a state appellate

14

court has assessed the necessity and adequacy of a particular jury instruction under state law, a federal habeas court cannot question that state-law finding. *Id.* Therefore, Petitioner's jury-instruction claim fails to state a claim upon which habeas relief may be granted.

### D.   Public Trial

Petitioner claims that his right to a public trial was violated by the exclusion of the public from the courtroom during jury *voir dire*, and during closing arguments and jury instructions. Respondent argues that the claim is waived because Petitioner did not object to the closure.

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The right is applicable to the states through the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 148-49 (1968). "The central aim of a criminal proceeding must be to try the accused fairly." *Waller v. Georgia*, 467 U.S. 39, 46 (1984). The public-trial guarantee was created to further that aim. *Id.*, *citing Gannett Co. V. DePasquale*, 443 U.S. 368, 380 (1979). A public trial helps to ensure that judge and prosecutor carry out their duties responsibly, encourages witnesses to come forward, and discourages perjury. *Id*. The violation of the constitutional right to a public trial is a structural trial error, not subject to the

15

harmless error analysis.  *Id.* at 49-50, n.9.  The right to a public trial, while an important structural right, "is also one that can be waived when a defendant fails to object to the closure of the courtroom."  *Johnson v. Sherry*, 586 F.3d 439, 444 (6th Cir. 2009).  "[C]ertain decisions regarding the exercise or waiver of basic trial rights are of such moment" that they cannot be made for the defendant by his attorney without the defendant's express consent.  *Florida v. Nixon,* 543 U.S. 175, 187 (2004).  No Supreme Court precedent supports a finding that the waiver of the right to a public trial is one of those rights.  *United States v. Whalen*, 578 F. App'x 533, 539 (6th Cir. 2014); *see also Guyton v. Butler*, 490 F. App'x 331, 333 (11th Cir. 2012) ("The Supreme Court has not held that counsel cannot waive his client's right to a public trial.").

As an initial matter, it is not clear that the courtroom was completely closed during jury *voir dire*.  The trial judge clearly ordered potential witnesses to leave the courtroom, but the transcript is ambiguous as to whether the courtroom was closed to all other observers.  Nevertheless, the Court will assume for purposes of this analysis that the courtroom was completely closed during *voir dire*.  Defense counsel did not object to the closing of the courtroom during *voir dire* or during closing arguments and jury instructions.  Therefore, this claim is waived.

Petitioner's related claim that trial counsel was ineffective for failing to

object to the courtroom closure (habeas claim V) is meritless. To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was

17

unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

The trial court held that trial counsel provided effective representation, without meaningful explanation. This decision, although brief, is entitled to full deference under the AEDPA. *Harrington,* 562 U.S. at 98-99. Petitioner, therefore, satisfies his burden only by showing "there was no reasonable basis for the state court to deny relief." *Id.*. Petitioner has failed to show that this conclusion was an unreasonable application of *Strickland*. Counsel's decision not to object to the closure of the courtroom for *voir dire* could have been a reasonable trial strategy for the purpose of obtaining more honest responses from jurors. *See Horton v. Allen*, 370 F.3d 75, 82-83 (1st Cir. 2004) (holding that defendant counsel's decision not to object to closing of the courtroom for *voir dire* was a reasonable strategy designed to elicit forthcoming responses from potential jurors). In addition, Petitioner has not shown that he was prejudiced by counsel's failure to object to the brief closures. He makes only conclusory allegations of prejudice, which are insufficient to show actual prejudice. *Cross v. Stegall*, 238 F. App'x 32, 39-40 (6th Cir. 2007) (finding that conclusory assertions about actual prejudice "fall far short of showing actual prejudice"). Habeas relief is denied on this claim.

18

### E.    Actual Innocence

Petitioner argues that habeas relief should be granted because he is actually

innocent.  An actual innocence claim does not constitute a constitutional claim in

itself.  *See Herrera v. Collins*, 506 U.S. 390, 404-05 (1993), *cited in Schlup v.*

*Delo*, 513 U.S. 298, 314 (1995).  The Sixth Circuit has interpreted *Herrera v.*

*Collins* to hold that federal courts must not make independent determinations of

guilt or innocence in habeas cases.  *See Tyler v. Mitchell*, 416 F.3d 500, 505 (6th

Cir. 2005).  The function of a federal court reviewing a habeas corpus petition is to

ensure that the petitioner is not imprisoned in violation of the constitution, not to

correct errors of fact.  *Herrera*, 506 U.S. at 400.  Therefore, this claim is not

cognizable on habeas corpus review.  *Thomas v. Perry*, 553 F. App'x 485, 487

(6th Cir. 2014).

### F.    Fingerprint Analysis

Petitioner next argues that his right to due process, a fair trial, and his right

to present a meaningful defense, were violated when the Detroit Police

Department failed to have the firearm tested for fingerprints and the trial court

failed to order the tests be performed.  One of the Detroit police officers who

stopped Petitioner's vehicle, Victor Hicks, testified that, when he patted down the

female passenger and discovered the gun in her waistband, he removed the gun

19

from her.  Officer Hicks did not preserve the gun for fingerprint analysis because his primary concern was making the gun safe.  Officer Hicks, who was not wearing gloves that day, took the magazine out of the gun, racked it, and pulled the slide back three or four times to ensure that there were no rounds inside. Investigator Terry Greene, officer in charge of the investigation, testified that, although the gun was sent to the Michigan State Police lab for testing, testing was never done.  The testing was not done because there was a mix-up with the paperwork and because, at the time, the lab had a significant backlog of cases.

In a criminal prosecution, the government "do[es] not have a constitutional duty to perform any particular test." *Arizona v. Youngblood*, 488 U.S. 51, 59 (1988).  This rule prevents courts from being charged with "divining the import of materials whose contents are unknown and, very often, disputed." *Id*. at 57.  The trial court did not prevent Petitioner from presenting fingerprint evidence.  One officer testified that the gun was not preserved for fingerprint analysis and the other testified that there was a mistake in the paperwork resulting in a delay. Defense counsel questioned the officers at length on the failure in this regard. This questioning allowed Petitioner to use the lack of testing to his benefit.   The lack of fingerprint testing does not allege a violation of a constitutional right upon which habeas relief may be granted.

20

### G.    Sentencing Claim

Petitioner next argues that he was improperly sentenced as a third-offense felony firearm offender, when he should have been sentenced as a second-offense felony firearm offender because his first two counts of felony firearm were from a single plea proceeding.

Petitioner's claim that he received an improper enhancement under Michigan's felony-firearm statute for a third offense is non-cognizable on habeas review, because it involves an application of state law. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (finding a habeas petitioner's challenge to a state court's interpretation and application of sentencing laws is not cognizable on habeas review).

Even assuming the claim were cognizable on habeas review, the trial court sentenced Petitioner in accordance with state law.  Michigan law provides that "a defendant may be convicted of felony-firearm (third offense) if the third offense is preceded by two convictions of felony-firearm, and both prior felony-firearm convictions have arisen from separate criminal incidents."  *People v. Stewart*, 441 Mich. 89, 95 (1992).  Petitioner entered a guilty plea in Wayne County Circuit Court on the same date in 1992 to two felony firearm charges.  Although the plea was apparently entered on the same date, the offenses arose on two different dates,

21

July 20, and July 29, 1992. It is apparent that the prior convictions arose from separate incident occurring before his conviction in the instant case. Petitioner appears to have been sentenced in accordance with state law.

### H.   Alleged Ineffective Assistance of Appellate Counsel

Finally, Petitioner raises a claim that his appellate attorney was ineffective in failing to raise claims raised in this habeas petition but not raised on direct appeal. He raises this claim in an attempt to excuse the anticipated procedural default of certain claims. The Court determined that the interests of judicial economy were best served by addressing the merits of the defaulted claims. Nevertheless, the Court will briefly address the ineffective assistance of appellate counsel claim.

Petitioner claims that appellate counsel was ineffective in failing to raise on direct review the claims raised in this petition but not raised on direct review. Because Petitioner has failed to show that these claims were potentially meritorious, he cannot show that his appellate attorney was ineffective for failing to raise the claims on direct appeal.

## IV.   Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. §

2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

## V.    Conclusion

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**


S/Denise Page Hood
Denise Page Hood
United States District Judge


Dated:  September 28, 2015

23

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager